**In the Matter of MINTRON, INC., Debtor.**

**Jess S. JIULIANTE, Plaintiff,**

**v.**

**MINTRON, INC., Vedder J. White, Esq., Trustee, Defendants.**

**Bankruptcy No. 84–00470E.**

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 27, 1985.

Stephen H. Hutzelman and Plate, Shapira, Hutzelman, Berlin & May, Erie, Pa., for Jess S. Jiuliante, applicant.

Thomas J. Minarcik and Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, Pa., for Maureen Buona, trustee for David James Buona and Reverend James Weber, secured creditors.

Donald J. Rogala, Erie, Pa., for additional secured creditors.

Vedder J. White and McClure, Dart, Miller, Kelleher & White, Erie, Pa., pro se for trustee in bankruptcy.

## MEMORANDUM AND ORDER VACATING AUTOMATIC STAY

WM. B. WASHABAUGH, Jr., Bankruptcy Judge:

This matter is before me on an application of the Honorable Jess S. Jiuliante for relief from automatic stay in respect to equipment of the debtor of which he is the alleged owner. It was admitted by counsel for all of the interested parties present at the hearing held February 26, 1985, including Vedder J. White, Esq., Trustee in Bankruptcy, that the equipment is worth between $20,000.00 and at the most $30,-000.00, and that the following asserted liens were validly perfected against said assets more than 90 days before the filing of the creditors' petition in involuntary bankruptcy December 6, 1984:

1. Mulgrew & Associates

Secured transaction # 2585 filed July 29, 1982

Balance: claimed $20,000.00 + admitted $1,000.00—$4,000.00

(Principal of Mulgrew, Bruce T. Mulgrew; is deceased)

2. Pennsylvania Department of Revenue

State lien for unpaid tax No. 612–J–84 filed March 2, 1984

Amount—$570.00

3. Fralo Industries, Inc.

Secured transaction # 951–84 filed March 27, 1984

Balance: $15,000.00 + interest

4. Father James Weber

Secured transaction # 2455–84 filed July 12, 1984 .

Balance: $23,000.00 + interest

5. Maureen Buono, Trustee

Secured transaction # 2456–84 filed July 12, 1984

Balance: $15,000.00 + interest

(Voidable as a preference—transfer to an insider within one year prior to filing of petition for relief)

6. Pennsylvania Bureau of Employment Security

State lien for unpaid tax No. 2004–J–84 filed July 27, 1984

Amount: $1,093.03

7. Pennsylvania Bureau of Employment Security

State lien for unpaid tax No. 2659–J–84 filed September 26, 1984

Amount: $1,182.36

8. Fralo Industries, Inc.

Execution lien case 2059–J–84

Execution No. 461–84 attached as of October 23, 1984

Balance duplicates No. 3, above

(Execution lien not voidable as a preference because in enforcement of lien acquired prior to the preference period & merged therein)

Judge Jiuliante stipulated that he would subordinate his interest in the property, if substantiated, to the liens of Father Weber and Maureen Buono which are in the total sum of $38,000.00 plus interest.

It is obvious that there is no possible equity available for the trustee in bankruptcy on behalf of the general creditors

under any ruling the Court could make under the above set of facts, as the undisputed liens of Fralo Industries, Father James Weber and Maureen Buono total $53,000.00 and interest in addition to the other undisputed liens (Nos. 1, 2, 6 and 7 in the above list) in the amount of $26,570 making a total amount of liens to be paid from the assets of $79,570 plus applicable interest, and this conclusion would remain unavoidable even if the $15,000.00 lien of Mrs. Buono at Item 5 should be subject to the provisions of 11 U.S.C. 547(b)(4)(B)(ii) concerning liens asserted by insiders as there would still be remaining liens of $64,-500 to pay before the bankruptcy estate would be affected as the property is agreed to be worth only $20,000 to $30,000.00.

It is apparent from the above that there is no equity in the assets agreed by all parties to have a maximum value of $30,-000.00 over and above the valid liens of at least $64,570.00 thereagainst and (2) that for that reason the bankruptcy estate and its trustee, Vedder J. White, Esq., have no legal interest in the matter as the assets should be abandoned by the trustee as burdensome and the motion of Judge Jess S. Jiuliante should be granted and allowed in accordance with the stipulation of counsel for all parties in interest in the presence of the Court at the hearing and as will be reflected by the Reporter's notes of counsel's opening statements and stipulations at said hearing.

IT IS ACCORDINGLY ORDERED, ADJUDGED and DECREED this 27th day of February, 1985, after full hearing held February 26, 1985 on notice to interested parties all of whom were present in person or by their counsel, and in accordance with their agreements and stipulations, that since the Estate of the Debtor Mintron, Inc. has no interest in the equipment described in the application it is hereby abandoned and released from bankruptcy jurisdiction. It is further ordered that the automatic stay provisions under Section 362 of the Bankruptcy Code are hereby vacated with respect to the equipment described in the application and that the Honorable Jess S. Jiuliante and all of the lien creditors referred to in the foregoing Memorandum and/or the owners of the liens therein mentioned are hereby authorized to proceed against the said equipment by action of replevin or other appropriate remedy in other courts. See also 11 U.S.C. 363(b)(3).